UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF THE TREASURY, et al.,<br><br>      Defendants. | Civil Action No. 26-1268 (SLS) |

## ANSWER

Defendants U.S. Department of the Treasury (the "Treasury") and Office of the Comptroller of the Currency ("OCC"), by and through undersigned counsel, respectfully submit the following answer to the Complaint (ECF No. 1) filed on April 14, 2026 by Functional Government Initiative ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

### RESPONSE TO UNNUMBERED PARAGRAPH

The Complaint contains an unnumbered paragraph with Plaintiff's characterization of this lawsuit, to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiff submitted FOIA requests to the Treasury and OCC respectively and denies any implication in the unnumbered paragraph of any violation of FOIA.

### RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to

be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs as follows:

## JURISDICTION AND VENUE[1]

1.      This paragraph asserts conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over FOIA claims, subject to the terms and limitations of FOIA.

2.      This paragraph asserts conclusions of law regarding venue to which no response is required. To the extent any response is required, Defendants admit that venue is proper in this district for actions brought pursuant to FOIA.

## PARTIES

3.      This paragraph contains Plaintiff's characterizations of itself, to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      The Treasury admits it is an agency of the federal government and that it is headquartered at 1500 Pennsylvania Avenue, N.W., Washington, DC 20220. The remaining allegations assert conclusions of law to which no response is required.

5.      OCC admits it is an independent bureau within the Treasury, and that the Treasury is an agency of the federal government. OCC admits it is headquartered at 400 7th Stret, S.W.,

---

[1]      For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

Washington, D.C. 20219.  The remaining allegations assert conclusions of law to which no response is required.

<strong><u>STATEMENT OF FACTS</u></strong>

6.      Defendants lack knowledge or information sufficient to form a belief regarding whether FGI routinely submits FOIA requests.  The Treasury and OCC admit Plaintiff submitted FOIA requests to each of them respectively and refer the Court to those FOIA requests for complete and accurate statements of their contents and deny any allegations inconsistent with the content of those requests.  The Treasury and OGC each admit that they have not issued a final response to all portions of the FOIA request directed to each of them.  As to the remaining allegation in this paragraph, Defendants refer the Court to the referenced Federal Register cite for a complete and accurate statement of its contents and deny any allegations inconsistent with the content of that citation.

7.      This paragraph asserts conclusions of law to which no response is required.

8.      In response to the allegations in this paragraph, Defendants refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny all allegations inconsistent with the content of that memorandum.

9.      This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, the Treasury and OGC each admit that they have not issued a final response to all portions of the FOIA request directed to each of them.

10.     This paragraph asserts conclusions of law to which no response is required.

**A.      FGI'S FOIA REQUEST FOR RECORDS RELATING TO THE DEPARTMENT OF THE TREASURY'S USE OF REPUTATION RISK.**

11.     The Treasury admits Plaintiff submitted a FOIA request dated August 29, 2025 to the Treasury, and that a copy of the request is attached to the Complaint as Exhibit A.  In response

to the remaining allegations in this paragraph, the Treasury refers the Court to the referenced FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

12.     The Treasury admits it acknowledged receipt of the request by email dated August 29, 2025, and that a copy of that email is attached to the Complaint as Exhibit B.  The Treasury respectfully refers the Court to that email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13.     The Treasury admits it sent an email to Plaintiff dated October 16, 2025, and that a copy of that email is attached to the Complaint as Exhibit C.  The Treasury respectfully refers the Court to that email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14.     The Treasury admits that, as of the date of the Complaint, the Treasury had not produced any responsive records or asserted that any responsive records are exempt from production.  The Treasury denies any implication in this paragraph of a violation of FOIA.

**B.     FGI'S FOIA REQUEST FOR RECORDS RELATING TO THE OFFICE OF THE COMPTROLLER OF THE CURRENCY'S USE OF REPUTATION RISK.**

15.     OCC admits Plaintiff submitted a FOIA request dated August 29, 2025 to OCC, and that a copy of that request is attached to the Complaint as Exhibit D.  In response to the remaining allegations in this paragraph, OCC refers the Court to the referenced FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

16.     OCC admits it acknowledged receipt of the request by email dated August 29, 2025, and that a copy of that email is attached to the Complaint as Exhibit E.  OCC respectfully refers

- 4 -

the Court to that email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17.    OCC admits that, as of the date of the Complaint, OCC had not produced any responsive records or asserted any responsive records are exempt from production. OCC denies any implication in this paragraph of a violation of FOIA.

## CAUSES OF ACTION

18.    Defendants incorporate their responses to the prior paragraphs as if fully stated herein.

19.    This paragraph asserts a conclusion of law to which no response is required.  To the extent any response is required, Defendants admit only that they have not issued final determinations on the requests and otherwise deny the allegations in this paragraph.

20.    This paragraph asserts a conclusion of law to which no response is required.  To the extent any response is required, the allegations are denied.

## PRAYER FOR RELIEF

The remainder of the Complaint, including subparts (a) through (e), asserts Plaintiff's request for relief to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

## DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The FOIA requests are invalid to the extent they fail to reasonably describe the records sought or would be unduly burdensome to process, as well as to the extent they seek to impose obligations on Defendants not required by FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request for any relief that exceeds the relief authorized under the FOIA.

Dated: June 23, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

Of Counsel
Derick Fong
400 Seventh Street, SW
Washington, DC 20219
202-649-6692

By: _____/s/ *Xinyu Yang*_____
    Xinyu Yang, Texas Bar #24098643
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    202-252-7225

*Attorney for OCC*

*Attorneys for the United States of America*